Heather L. Rosing, Bar No. 183986
Daniel S. Agle, Bar No. 251090
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dagle@klinedinstlaw.com

Attorneys for Defendants
GREGG JACLIN and SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY STRATEGIES, INC., a Nevada corporation; MAKAIWI & ASSOCIATES, INC., a Nevada corporation; JTS INVESTMENTS, INC., a California corporation; RESULT CORPORATION, a Nevada corporation,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>UBIQUITY, INC., a Nevada corporation; CHRIS CARMICHAEL, an individual; CONNIE CARMICHAEL, an individual; BRENDEN GARRISON, an individual; HENRY BLESSLEY, an individual; NICHOLAS MITSAKOS, an individual; GREGG JACLIN, an individual; and SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C., a New Jersey professional corporation,<br><br>　　　　　　Defendants. | Case No.   3:15-CV-2720-H- DHB<br><br>**ATTORNEY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:　　　　　　March 28, 2016<br>Time:　　　　　　10:30 a.m.<br>Courtroom:　　　　15A<br>Judge:　　　　　　Marilyn L. Huff<br>Magistrate Judge: David H. Bartick<br>Complaint Filed: December 3, 2015<br>Trial Date:　　　None set |

///

///

///

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on March 28, 2016 at 10:30 a.m., or as soon afterwards as the matter may be heard, in Courtroom 15A, Defendants GREGG JACLIN and SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C. ("Attorney Defendants") will and hereby do move this court for an order dismissing this action pursuant to Federal Rule of Civil Procedure, Rules 12(b)(6) and 9(b) on the following grounds:

(1) The amended complaint fails to state a claim upon which relief can be granted under the eighth and tenth claims for relief (breach of fiduciary duty and legal malpractice, respectively) because both claims require the existence of an attorney-client relationship between Plaintiffs and the Attorney Defendants, but the complaint and information properly before this Court under incorporation by reference clearly illustrate that there was no attorney-client relationship between Plaintiffs and the Attorney Defendants.

(2) The amended complaint fails to state a claim upon which relief can be granted under the first, third, fourth, sixth, seventh, and ninth claims for relief (violation of 10(b)/10b-5, violation of California Corporations Code section 25401, violation of California Corporations Code section 25403, fraud, conspiracy to commit fraud, and negligent misrepresentation, respectively) because the alleged misrepresentations are not actionable due to the fact that they are: (1) true; and/or (2) statements of law; and/or (3) predicated on statements predicting future events.

(3) The amended complaint fails to state a claim upon which relief can be granted under the first, third, fourth, sixth, seventh, and ninth claims for relief (violation of 10(b)/10b-5, violation of California Corporations Code section 25401, violation of California

|   |   |   |
|---|---|---|
| 1 |  | Corporations Code section 25403, fraud, conspiracy to commit fraud, |
| 2 |  | and negligent misrepresentation, respectively) because Plaintiffs' own |
| 3 |  | conduct rendered it impossible for the future predicted events from |
| 4 |  | occurring, making reliance on the Attorney Defendants' statements |
| 5 |  | unreasonable. |
| 6 | (4) | The amended complaint fails to state a claim upon which relief can be |
| 7 |  | granted under all of the claims for relief because the duties of |
| 8 |  | confidentiality and loyalty owed by the Attorney Defendants to |
| 9 |  | Ubiquity (including the attorney-client privilege) prevent the Attorney |
| 10 |  | Defendants from being able to defend the claims asserted against them |
| 11 |  | and, therefore, public policy dictates that all of the claims against the |
| 12 |  | Attorney Defendants be dismissed. |
| 13 | (5) | The amended complaint fails to state a claim upon which relief can be |
| 14 |  | granted under the first, third, fourth, sixth, and seventh claims for |
| 15 |  | relief (violation of 10(b)/10b-5, violation of California Corporations |
| 16 |  | Code section 25401, violation of California Corporations Code |
| 17 |  | section 25403, fraud, and conspiracy to commit fraud, respectively) |
| 18 |  | because the complaint does not allege facts supporting a plausible |
| 19 |  | conclusion that the Attorney Defendants had the specific intent to |
| 20 |  | defraud them. |
| 21 | (6) | The amended complaint fails to state a claim upon which relief can be |
| 22 |  | granted under all of the claims for relief because in the event this |
| 23 |  | Court grants the motion to dismiss filed by the Ubiquity defendants— |
| 24 |  | asserting that the settlement agreement between Plaintiffs and |
| 25 |  | Ubiquity is enforceable—then all claims that have been asserted |
| 26 |  | against the Attorney Defendants were also released by way of that |
| 27 |  | settlement agreement. |
| 28 | /// |  |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Gregg Jaclin including all exhibits thereto, the Request for Judicial Notice, the pleadings and papers filed herein, and any oral argument presented at the time of hearing should the court desire oral argument.

KLINEDINST PC

DATED: February 29, 2016     By:   s/ Daniel S. Agle
                                   Daniel S. Agle
                                   Attorneys for Defendants
                                   GREGG JACLIN and SZAFERMAN,
                                   LAKIND, BLUMSTEIN & BLADER,
                                   P.C.

16564843v1