**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAY STRATEGIES, INC., MAKAIWI & ASSOCIATES, INC., JTS INVESTMENTS, INC., and RESULT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>UBIQUITY, INC., CHRIS CARMICHAEL, CONNIE CARMICHAEL, BRENDEN GARRISON, HENRY BLESSLEY, NICHOLAS MITSAKOS, GREGG E. JACLIN, and SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.,<br><br>Defendants. | CASE NO. 15-cv-2720-H-DHB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>[Doc. Nos. 11, 13] |

On February 29, 2016, Ubiquity, Inc. ("Ubiquity"), Chris Carmichael, Connie Jordan, Brenden Garrison, Henry Blessley, and Nicholas Mitsakos (collectively, "Ubiquity Defendants"), moved to dismiss Plaintiffs' first amended complaint. (Doc. No. 11.) On February 29, 2016, Gregg Jaclin and Szaferman, Lakind, Blumstein & Blader, P.C. ("Szaferman") (collectively, "Attorney Defendants") moved to dismiss Plaintiff's first amended complaint. (Doc. No. 13.) Plaintiffs opposed the motions on March 14, 2016. (Doc. Nos. 14 & 15.) Ubiquity Defendants replied on March 18, 2016. (Doc. No. 18.) Attorney Defendants replied on March 21, 2016. (Doc. No. 19.)
/ / /

For the reasons set forth below, the Court dismisses the complaint for failure to comply with the heightened pleading requirements of the Private Securities Litigation Reform Act and Federal Rule of Civil Procedure 9(b).

## BACKGROUND

Plaintiffs filed this case on December 3, 2015. (Doc. No. 1.) Plaintiffs filed a first amended complaint on February 12, 2016. (Doc. No. 8, "FAC.") They assert claims for (1) securities fraud under Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5, and (2) control-person liability under Section 20(a) of the Securities Exchange Act.[1] (Id. ¶¶ 64–72.)

Plaintiffs are California and Nevada corporations. (FAC ¶¶ 3–6.) Defendant Ubiquity is a Nevada corporation headquartered in California. (Id. ¶ 7.) Defendants Carmichael, Jordan, Garrison, Blessley, and Mitsakos are Ubiquity's senior executives and members of its board of directors. (Id. ¶¶ 8–12.) They are all California residents. (Id.) Defendant Jaclin is a New Jersey attorney. (Id. ¶ 13.) Defendant Szaferman is a New Jersey professional corporation. (Id. ¶ 14.) Because the parties are not diverse, this Court has jurisdiction under 28 U.S.C. § 1331 only if Plaintiffs state a valid federal claim.

This dispute centers around the sale of SEC Rule 144[2] restricted shares and investors' ability sell the shares without restrictions. (Id. ¶¶ 41–60.) Plaintiffs allege that they bought restricted Ubiquity shares from a third party based on promises by Jaclin, acting on behalf of Ubiquity, that the shares would be eligible to trade on the public market under Rule 144 by a certain date. (Id. ¶¶ 41–48.) Plaintiffs allege that

---

[1] Plaintiffs also assert state-law claims for (1) securities fraud under California Corporations Code § 25401, (2) control-person liability under California Corporations Code § 25403, (3) failure to issue certificates to shareholders on demand, in violation of California Commercial Code § 8401 and Nevada Revised Statutes § 104.8401, (4) fraud, (5) conspiracy to commit fraud, (6) breach of fiduciary duty, (7) negligent misrepresentation, and (8) legal malpractice. (Id. ¶¶ 73–126.)

[2] Rule 144 allows public resale of restricted securities if certain conditions are met. See https://www.sec.gov/investor/pubs/rule144.htm.

1 they hired Jaclin and his law firm to provide Rule 144 opinion letters to remove the
2 restrictive legend, but he delayed the letters to their detriment. (Id. ¶¶ 44–45, 49–50.)
3 Plaintiffs concede that they subsequently entered into settlement agreements with
4 Defendants, but they dispute their legal effect. (Id. ¶ 61.)

## LEGAL STANDARD

6   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the
7 legal sufficiency of the pleadings and allows a court to dismiss a complaint if the
8 plaintiff has failed to state a claim upon which relief can be granted. See Navarro v.
9 Block, 250 F.3d 729, 732 (9th Cir. 2001). Generally, a complaint must satisfy only
10 the minimal notice requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid
11 dismissal on a Rule 12(b)(6) motion. See Porter v. Jones, 319 F.3d 483, 494 (9th Cir.
12 2003). Rule 8(a)(2) requires pleadings to contain "a short and plain statement of the
13 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The
14 complaint "must contain sufficient factual matter, accepted as true, to state a claim for
15 relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
16 (internal quotation marks omitted).

17   Dismissal is appropriate only if the complaint "lacks a cognizable legal theory
18 or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp.
19 Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Courts "are not bound to accept as
20 true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678
21 (internal quotation marks omitted). Review is limited to the contents of the complaint,
22 but courts can also consider documents incorporated into the complaint by reference
23 and items that are subject to judicial notice. See Tellabs, Inc. v. Makor Issues &
24 Rights, Ltd., 551 U.S. 308, 323 (2007).
25 / / /
26 / / /
27 / / /
28 / / /

# DISCUSSION

## A. Section 10(b) and Rule 10b-5

Plaintiffs allege that Ubiquity, Jaclin, and Szaferman made false statements in violation of Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5. (FAC ¶¶ 64–68.) Ubiquity Defendants contend that Plaintiffs' allegations are insufficiently particular. (Doc. No. 11 at 19–26.) The Court agrees.

Section 10(b) provides that it is unlawful to "use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as [the SEC] may prescribe." 15 U.S.C. § 78j(b). SEC Rule 10b-5 makes it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading" in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b-5(b).

"The elements of a private securities fraud action under Section 10(b) and Rule 10b-5 are: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." Lloyd v. CVB Fin. Corp., 811 F.3d 1200, 1206 (9th Cir. 2016) (internal quotation marks omitted).

Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to "state with particularity the circumstances constituting fraud." The allegations must set forth "the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). "Rule 9(b) applies to all elements of a securities fraud action, including loss causation." Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc., 774 F.3d 598, 605 (9th Cir. 2014).

///

1    Additionally, federal securities fraud complaints must satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"). See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009). The PSLRA requires securities fraud plaintiffs to "plead with particularity both falsity and scienter." Id. (internal quotation marks omitted).

To adequately plead falsity under the PSLRA, the complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1).

To adequately plead scienter under the PSLRA, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). The complaint must "allege that the defendants made false or misleading statements either intentionally or with deliberate recklessness." Zucco, 552 F.3d at 991 (internal quotation marks omitted). A strong inference exists "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Id. (internal quotation marks omitted).

Plaintiffs' allegations do not satisfy these requirements. Plaintiffs allege in conclusory terms, and based on information and belief, a scheme involving restricted shares, market manipulation, and various misrepresentations. (FAC ¶¶ 16–40.) They allege that a number of representations were made, but it is not clear specifically which statements they base their claims on, what facts exist to show that each statement was false when it was made, and who made each statement. As a result, Defendants are not sufficiently on notice for purposes of Rule 9(b) and the allegations fall short of the heightened pleading requirements of the PSLRA. See 15 U.S.C. § 78u-4(b)(1); In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1553–54 (9th Cir.1995); In re Splash Tech. Holdings, Inc. Sec. Litig., 160 F. Supp. 2d 1059, 1073–75 (N.D. Cal. 2001).

Plaintiff's allegations with regard to scienter suffer from the same problems. "Where plaintiffs fail to plead falsity, <u>a fortiori</u> they have not established that defendants knew those statements were false." <u>Mauss v. NuVasive, Inc.</u>, 2014 WL 4161431, at *9 (S.D. Cal. Aug. 19, 2014) (internal quotation marks omitted); <u>In re Cisco Sys. Inc. Sec. Litig.</u>, 2013 WL 1402788, at *7 (N.D. Cal. Mar. 29, 2013) (same). The Court cannot assess scienter when it is not clear which statements are at issue, why each statement was false, and what facts there are to show that each Defendant acted with the requisite intent with respect to each statement. As a result, the Court dismisses Plaintiffs' claim under Section 10(b) and Rule 10b-5.

**B.   Section 20(a)**

Plaintiffs allege that Defendants Carmichael, Jordan, Mitsakos, Garrison, and Blessley are liable as control persons under Section 20(a) of the Securities Exchange Act. (FAC ¶¶ 69–72.) Section 20(a) provides that persons who control a primary violator of securities laws can be held jointly and severally liable to the same extent as the violator. <u>See</u> 15 U.S.C. § 78t(a).

To establish a Section 20(a) claim, the plaintiff must establish (1) an underlying violation of federal securities laws, and (2) that the defendant "exercised actual power over the primary violator." <u>In re NVIDIA Corp. Sec. Litig.</u>, 768 F.3d 1046, 1052 (9th Cir. 2014). Because the Court has dismissed Plaintiffs' underlying securities-fraud claim, the Court dismisses this claim as well.

**C.   State-Law Claims**

Because the Court has dismissed Plaintiffs' federal claims and the parties are not diverse, the Court declines to address Plaintiffs' state-law claims at this time. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Ove v. Gwinn</u>, 264 F.3d 817, 826 (9th Cir. 2001).

**D.   Leave to Amend**

Plaintiffs request leave to amend. (Doc. No. 14 at 21; Doc. No. 15 at 25.) Both sets of Defendants contend that Plaintiffs released all of their claims in a settlement agreement. (Doc. No. 11 at 16–19; Doc. No. 13-1 at 27.) The Court grants Plaintiffs

leave to amend, but, subject to Rule 11(b) of the Federal Rules of Civil Procedure, Plaintiffs must file a copy of the agreement under seal with their amended complaint and allege with greater specificity why the claims are not released.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss Plaintiffs' first amended complaint, (Doc. Nos. 11, 13).  The Court grants Plaintiffs leave to amend, but, subject to Rule 11(b) of the Federal Rules of Civil Procedure, Plaintiffs must file a copy of the agreement under seal with their amended complaint and allege with greater specificity why the claims are not released.  If Plaintiffs wish to proceed, they must file an amended complaint on or before **May 16, 2016**.

**IT IS SO ORDERED.**

DATED:  April 29, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT