UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY STRATEGIES, INC. et al.,<br><br>                        Plaintiffs,<br><br>v.<br><br>UBIQUITY, INC. et al.,<br><br>                        Defendants. | Case No.: 15-cv-2720-H (DHB)<br><br>**ORDER ADDRESSING JOINT MOTION REGARDING DISCOVERY**<br><br>**[ECF No. 69]** |

On December 6, 2017, the parties submitted a joint contested motion regarding discovery and motion to compel, including sanctions. (ECF No. 69.) According to the papers, the deposition of Defendant Gregg Jaclin ("Jaclin") is scheduled for **December 14, 2017**. Defendant Jaclin is traveling from New Jersey for the convenience of all parties and attorneys and to avoid costs. The Court orders that Defendant Jaclin's deposition proceed on **December 14, 2017** as currently scheduled **OR** cancel and the deposition shall be scheduled for a mutually agreeable time in January 2018 with Plaintiffs to bear the costs of cancellation, including cancellation fees for air and hotel, any lost wages incurred as a result of the deposition, and any costs related to the deposition cancellation at such a late date. Counsel for Plaintiffs and Defendants must make their election on or before **December 11, 2017** at **10:00 a.m.**

All other depositions scheduled for December 2017 shall be rescheduled for a mutually agreeable time in January 2018.[1] The depositions of Chris Carmichael and Connie Jordan shall be scheduled for a mutually agreeable time in February 2018 after they have received medical clearance.

The Court finds that this order does not prejudice any party as it permits Plaintiffs to obtain new counsel and provides Plaintiffs a thirty (30) day extension as requested in Plaintiffs' November 17, 2017 motion before the Hon. Marilyn L. Huff, United States District Judge. This order solely addresses the depositions that are currently the subject of court order and does not act as a blanket discovery continuance or extension.

Based on this order, the Court finds good cause to issue a modified scheduling order, as follows:

1. All pretrial motions must be filed so as to be heard by **April 16, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

2. A Mandatory Settlement Conference shall be conducted on **May 7, 2018** at **2:00 p.m.** in the chambers of Magistrate Judge David H. Bartick. Counsel shall submit settlement statements **directly** to Judge Bartick's chambers by **April 30, 2018**.[2] The parties may either submit confidential settlement statements or may exchange their settlement statements. Each party's settlement statement shall set forth the party's statement of the

---

[1] To include but not limited to: the deposition of each of the Rule 30(b)(6) representatives for Plaintiff entities, depositions of each of the individual owners of the Plaintiff entities: Mr. Wheat, Mr. Stringham, Mr. Ligi, and Mr. Martin.

[2] Statements under 20 pages in length, including attachments and exhibits, shall be e-mailed to chambers at efile_Bartick@casd.uscourts.gov. Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference.  **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>**.  The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

3. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **May 21, 2018**.

4. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **May 21, 2018**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

5. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **May 28, 2018**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

6. Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **June 4, 2018**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

7. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **June 11, 2018**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

8. The final Pretrial Conference is scheduled on the calendar of the **Honorable Marilyn L. Huff** on **June 18, 2018** at **10:30 a.m.**.

9. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

10. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

11. The dates and times set forth herein will not be modified except for good cause shown.

12. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge.

1 | No reply memorandum shall exceed ten (10) pages without leave of a district court judge.
2 | Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents
3 | and a table of authorities cited.

13. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

Any other additional disputes shall be brought before the assigned magistrate judge. The Court shall not rule on the request for sanctions at this time but holds it in abeyance to be addressed after the Plaintiffs have had the opportunity to show good faith in the scheduling of **all** depositions.

IT IS SO ORDERED.

Dated: December 8, 2017

LOUISA S PORTER
United States Magistrate Judge